R. Joseph Trojan  CA Bar No. 137,067
trojan@trojanlawoffices.com
TROJAN LAW OFFICES
9250 Wilshire Blvd., Suite 325
Beverly Hills, CA  90212
Telephone:   310-777-8399
Facsimile:   310-777-8348

**Attorneys for Plaintiffs,
TOKAI CORP., SCRIPTO-TOKAI, INC.
and CALICO BRANDS, INC.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOKAI CORP., a Japanese corporation, SCRIPTO-TOKAI, INC., a Delaware corporation, and CALICO BRANDS, INC.  a California corporation,<br>                    Plaintiffs,<br>     v.<br>EASTON ENTERPRISES, INC., d.b.a. EASTON SALES, a California corporation, and FLI, Inc.,<br>                    Defendants. | CASE NO. EDCV 07-0883 VAP (JCRx)<br><br>**DECLARATION OF R. JOSEPH TROJAN IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' SUPPLEMENTAL INVALIDITY CONTENTIONS AND TO EXCLUDE PRIOR ART REFERENCES THERETO**<br><br>**Hon. Virginia A. Phillips**<br><br>Courtroom 2<br><br>Date:  July 6, 2009<br>Time: 10:00 a.m. |

-1-

# DECLARATION OF R. JOSEPH TROJAN

I, R. Joseph Trojan, declare as follows:

1. I am an attorney at law, duly licensed to practice in the State of California and the United States District Court for the Central District of California. I am the principal of Trojan Law Offices, the attorneys of record for Plaintiffs Tokai Corporation, Scripto-Tokai, Inc., and Calico Brands, Inc. (collectively "Tokai"). I have personal knowledge of the facts stated herein. If called upon to do so, I could and would competently testify that:

2. Attached hereto as **Exhibit 1** is a true and correct copy of the Civil Trial Scheduling Order dated May 18, 2008.

3. On June 26, 2008, Tokai propounded interrogatories and document requests, seeking discovery of, *inter alia*, the evidentiary basis for Easton's affirmative defenses alleging the patents-in-suit are invalid, including all relevant prior art.

4. Attached hereto as **Exhibit 2** is a true and correct copy of relevant portions of Plaintiffs' First Set of Interrogatories to Defendant Easton Enterprises, Inc.

5. Attached hereto as **Exhibit 3** is a true and correct copy of relevant portions of Plaintiffs' First Set of Requests for Production of Documents and Things to Defendant Easton Enterprises, Inc.

6. Easton served its Preliminary Invalidity Contentions on August 15, 2008.

7. Attached hereto as **Exhibit 4** is a true and correct copy of relevant portions of Defendant Easton Enterprises, Inc.'s Response to Plaintiffs' 1st Set of Interrogatories. Though the Response is designated "Confidential-Attorneys' Eyes Only", Easton has agreed that the portions of the Response excerpted here do not contain confidential information and thus need not be filed under seal.

8. Attached hereto as **Exhibit 5** is a true and correct copy of relevant portions of Defendant Easton Enterprises, Inc.'s Response to Plaintiffs' 1st Set of Requests for Production of Documents, served on August 15, 2008.

9. Defendants made no supplemental production of prior art in response to Plaintiffs' First Set of Requests for Production of Documents and Things.

10. Attached hereto as **Exhibit 6** is a true and correct copy of a letter from undersigned counsel to Mr. Raymond Chan, counsel for Defendants, dated February 23, 2009, stating that Defendants' failure to make supplemental production prohibited them "from disclosing any additional prior art or information" requested during discovery.

11. Attached hereto as **Exhibit 7** is a true and correct copy of a letter received by undersigned counsel from Mr. Raymond Chan, counsel for Defendants, dated February 26, 2009.

12. Attached hereto as **Exhibit 8** is a true and correct copy of a letter from undersigned counsel to Mr. Raymond Chan, counsel for Defendants, dated March 5, 2009, stating that "[Tokai] will accept as your answer that Easton will not introduce additional prior art or information not already disclosed in its invalidity contentions."

13. Attached hereto as **Exhibit 9** is a true and correct copy of a letter received by undersigned counsel from Mr. Raymond Chan, counsel for Defendants, dated March 12, 2009.

14. Attached hereto as **Exhibit 10** is a true and correct copy of relevant portions of "Supplemental Invalidity Contentions", served on March 20, 2009.

15. Attached hereto as **Exhibit 11** is a true and correct copy of a letter from Dylan C. Dang, an associate of Trojan Law Offices, to Mr. Raymond Chan, counsel for Defendants, dated March 23, 2009, discussing the provisions of the Northern District's Patent Local Rules.

16. Attached hereto as **Exhibit 12** is a true and correct copy of a letter from Mr. Raymond Chan, counsel for Defendants, to Dylan C. Dang, an associate of Trojan Law Offices, dated April 9, 2009.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 12th day of June, 2009, in Beverly Hills, California.

                             /s/ R. Joseph Trojan
                             R. Joseph Trojan