# EXHIBIT 10

FILE COPY
3/20/09

Thomas T. Chan (SBN 129606)
David M. Chernek (SBN 151621)
Raymond K. Chan (SBN 220534)
CHAN LAW GROUP LLP
1055 West Seventh Street, Suite 1880
Los Angeles, California 90017
Telephone: 213-624-6560
Facsimile: 213-622-1154
    thomas.chan@chanlaw.com
    david.chernek@chanlaw.com
    raymond.chan@chanlaw.com

Attorneys for Defendants
Easton Enterprises, Inc., and
Fun Line Industries, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA (EASTERN DIVISION)

| | |
|---|---|
| TOKAI CORP., a Japanese corporation, SCRIPTO-TOKAI CORP., a Delaware corporation, and CALICO BRANDS, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>EASTON ENTERPRISES, INC. d/b/a EASTON SALES, a California corporation, and FLI, INC.,<br><br>Defendants. | Case No. EDCV 07-0883 VAP (JCRx)<br><br>**DEFENDANTS' SUPPLEMENTAL INVALIDITY CONTENTIONS** |

Defendants Easton Enterprises, Inc. and Fun Line Industries, Inc. provide their Supplemental Invalidity Contentions as set forth below.

## I.  INTRODUCTION

The following Supplemental Invalidity Contentions are based on information available to Defendants at this time. These Supplemental Invalidity Contentions also serve as supplemental responses to Plaintiffs' Interrogatory No. 9.

At this time, the Court has not yet construed the disputed claim terms in U.S. Patent Nos. 5,697,775, 5,897,308, and 6,093,017 (collectively, the "Patents-in-Suit"). The Court's construction of such claim terms, and Plaintiffs' subsequent assertions regarding the Court's claim construction, may alter the relevance of the prior art references cited herein and give rise to new issues regarding the invalidity of the Patents-in-Suit. Accordingly, Defendants reserve the right to amend or supplement these Supplemental Invalidity Contentions.

## II.  INVALIDTY CONTENTIONS

Plaintiffs indicate in their Preliminary Infringement Contentions that they are asserting the following patent claims against Defendants: (a) Claim 1 of U.S. Patent No. 5,697,775; (b) Claims 1, 10 and 13 of U.S. Patent No. 5,897,308; and (c) Claims 1, 3 and 4 of U.S. Patent No. 6,093,017.

Defendants incorporate by reference their Preliminary Invalidity Contentions as if fully set forth herein.

Defendants further contend that the asserted claims of the Patents-in-Suit are obvious in view of the following prior art:

Group A
- U.S. Patent No. 5,326,256; and
- U.S. Patent No. 5,322,433.

Each patent in Group A discloses a utility lighter without a safety mechanism.

1

Group B
- U.S. Patent No. 1,929,662;
- U.S. Patent No. 3,746,813;
- U.S. Patent No. 3,847,233;
- U.S. Patent No. 3,971,906;
- U.S. Patent No. 4,031,649;
- U.S. Patent No. 4,122,320;
- U.S. Patent No. 4,376,240;
- U.S. Patent No. 5,005,295; and
- U.S. Patent No. 5,094,000.

Each patent in Group B discloses a safety mechanism for a trigger-operated device. Each patent claim asserted by Plaintiffs is obvious under 35 U.S.C. § 103(a) in view of a patent from Group A and any patent from Group B.

For example, the asserted claims are obvious under 35 U.S.C. § 103(a) in view of U.S. Patent Nos. 5,326,256 ("Shike") and 1,929,662 ("Wappat"). *See* Exhibit A attached hereto.

As another example, the asserted claims are obvious under 35 U.S.C. § 103(a) in view of U.S. Patent Nos. 5,326,256 ("Shike") and 3,847,233 ("Glover"). *See* Exhibit B attached hereto.

As yet another example, the asserted claims are obvious under 35 U.S.C. § 103(a) in view of U.S. Patent Nos. 5,326,256 ("Shike") and 3,971,906 ("Sahrbacker"). *See* Exhibit C attached hereto.

As a further example, the asserted claims are obvious under 35 U.S.C. § 103(a) in view of U.S. Patent Nos. 5,326,256 ("Shike") and 4,031,649 ("Brock"). *See* Exhibit D attached hereto.

For example, the asserted claims are obvious under 35 U.S.C. § 103(a) in view of U.S. Patent Nos. 5,326,256 ("Shike") and 4,122,320 ("Edgell"). *See* Exhibit E attached hereto.

As another example, the asserted claims are obvious under 35 U.S.C. § 103(a) in view of U.S. Patent Nos. 5,326,256 ("Shike") and 4,376,240 ("Stuart"). *See* Exhibit F attached hereto.

As yet another example, the asserted claims are obvious under 35 U.S.C. § 103(a) in view of U.S. Patent Nos. 5,326,256 ("Shike") and 5,005,295 ("Fushiya"). *See* Exhibit G attached hereto.

As a further example, the asserted claims are obvious under 35 U.S.C. § 103(a) in view of U.S. Patent Nos. 5,326,256 ("Shike") and 5,094,000 ("Becht"). *See* Exhibit H attached hereto.

Date: March 20, 2009                CHAN LAW GROUP LLP

By: _____
Thomas T. Chan
David M. Chernek
Raymond Chan
Attorneys for Defendants Easton Enterprises, Inc.
and Fun Line Industries, Inc.

# PROOF OF SERVICE

I am over the age of eighteen (18) years, employed in the County of Los Angeles, and not a party to the above-entitled action. My business address is 1055 West 7th Street, Suite 1880, Los Angeles, California 90017

On March 20, 2009, I served: Defendant **DEFENDANTS' SUPPLEMENTAL INVALIDITY CONTENTIONS** addressed as follows to:

R. Joseph Trojan, Esq.
Trojan Law Offices
9250 Wilshire Boulevard, Suite 325
Beverly Hills, California 90212
Telefax: (310) 777-8348

X  **BY MAIL**:  I am readily familiar with the Firm's practice of collecting and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on the same day with a postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that, on the motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one (1) day after the date of deposit for mailing shown on this proof of service.

X  **BY ELECTRONIC MAIL**: I sent electronic copies of the above entitled documents to the above recipients

**BY FACSIMILE**: I caused a copy of such document to be sent via facsimile machine to the office(s) of the addressee(s) at the phone number(s) shown above.

**BY PERSONAL SERVICE**

  X   FEDERAL COURT: I caused such envelope to be delivered by hand to the offices of the addressee(s).

☒  **FEDERAL**: I declare, under penalty of perjury under the laws of the United States that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on March 20, 2009, at Los Angeles, California.

Tina Wang