O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOKAI CORP., et al.<br>        Plaintiffs,<br><br>  v.<br><br>EASTON ENTERPRISES INC.<br>et al.,<br><br>        Defendants. | Case No. EDCV 07-00883-VAP (FMOx)<br><br>**[Motion filed on June 12, 2009]**<br><br>**ORDER GRANTING MOTION TO STRIKE SUPPLEMENTAL INVALIDITY CONTENTIONS**<br><br>**[Link & Term Doc. No. 59]** |

Plaintiffs Tokai Corporation, Scripto-Tokai, Inc., and Calico Brands, Inc.'s ("Plaintiffs") Motion to Strike Supplemental Invalidity Contentions and to Exclude Prior Art References Thereto ("Mot.") came before the Court for hearing on July 6, 2009. After reviewing and considering all papers filed in support of, and in opposition to, the motion, as well as the arguments advanced by counsel at the hearing, the Court GRANTS the Motion.

Defendants Easton Enterprises, Inc., d/b/a Easton Sales, and Fun Line Industries, Inc. ("Defendants")

served Plaintiffs on March 20, 2009, after the close of fact discovery on February 23, 2009, with Supplemental Invalidity Contentions ("Supplemental Contentions"). Defendants assert the Supplemental Contentions are proper because they believed their contents to be the province of expert, rather than factual, discovery, and because they show good cause.

## I. BACKGROUND

Plaintiffs filed suit on July 17, 2007. On May 18, 2008, the Court issued its Civil Trial Scheduling Order, in which it "adopt[ed] the provisions of Local Patent Rules Nos. 2-5, 3-1, 3-3, 3-4, 3-6 and 4-1 through 4-7 of the Northern District of California." The Civil Trial Scheduling Order set cut-off dates for fact and expert discovery which have been modified by stipulation.

On June 26, 2008, Plaintiffs propounded interrogatories and document requests, including interrogatory number 9, requesting "all facts and details concerning Defendant's allegations . . . that the patents in suit are invalid for failing to meet at least one condition for patentability. Include, without limitation, the dates and nature of prior patents and publications . . ." (Mot. 2-3 citing Trojan Decl. Ex. 2.) Several document requests inquired as to prior art. (Mot. 3; Trojan Decl. Ex. 3.)

On August 15, 2008, Defendants served Plaintiffs with: (1) Preliminary Invalidity Contentions; (2) responses to Plaintiffs' first set of interrogatories; and (3) responses to Plaintiffs' first set of requests for production of documents. (Mot. 3; see Trojan Decl. ¶ 6.) The responses to interrogatories and requests for production of documents contained little information about prior art but promised supplemental information would be forthcoming. (Mot. 4; Trojan Decl. Exs. 4-5.)

On October 15, 2008, Defendants deposed Bojan Cosic, Tokai's vice president of administration, as a Fed. R. Civ. P. 30(b)(6) witness. Plaintiffs objected to inquiry into one of the noticed topics of deposition: "[t]he patentable differences between the subject matter claimed in the Patents-in-Suit and the prior art" on the grounds that it called for expert testimony and a legal conclusion. (Reply 5; Opp'n 2-3; Chan Decl. ¶¶ 5-6, Ex. C 35-36.)

On January 23, 2009, the Court held the claim construction hearing, requested additional briefing, and took the matter under submission.

On February 23, 2009, fact discovery closed. Defendants had not supplemented their discovery responses regarding prior art.

1  Plaintiffs promptly wrote a letter to Defendants
2  informing them they would seek exclusion of any later-
3  produced discovery relating to prior art.  The parties
4  continued to correspond about this subject in letters
5  dated February 26, March 5, and March 12, 2009.  (Mot. 4;
6  Trojan Decl. Exs. 6-9.)

8  On March 20, 2009, Defendants served Plaintiffs with
9  Supplemental Contentions which, according to Plaintiffs,
10 list nine new prior art patents not disclosed during fact
11 discovery.  (Mot. 5; Trojan Decl. Ex. 10.)  Plaintiffs
12 continued the chain of correspondence described above
13 with a letter dated March 23, 2009, objecting to service
14 of the Supplemental Contentions without leave of Court.
15 Defendants responded with a letter dated April 9, 2009.
16 (Trojan Decl. Exs. 11-12.)

18 On June 2, 2009, the Court issued its claim
19 construction order.  Shortly thereafter, on June 12,
20 2009, the Court modified the expert discovery cut-off,
21 setting it for June 22, 2009.  The Court did not modify
22 the fact discovery cut-off.

### II. LEGAL STANDARD

25 The Patent Local Rules of the Northern District of
26 California ("Patent Local Rules"), which this Court
27 adopted in part, are "designed specifically to 'require

4

parties to crystallize their theories of the case early in the litigation' so as to 'prevent the 'shifting sands' approach to claim construction." <u>02 Micro Int'l Ltd. v. Monolithic Power Systems, Inc.</u>, 467 F.3d 1355 1364 (Fed. Cir. 2006) (construing Patent Local Rules adopted in 2000 ("2000 Patent Local Rules")).  Of interest here are versions of the Patent Local Rules issued in 2000 and 2008; both require early filing of infringement contentions and permit amendment under limited circumstances.  2000 Patent Local R. 3-3, 3-6, 3-7; Patent Local Rules adopted in 2008 ("2008 Patent Local Rules") 3-3, 3-6.  Where good cause is required for amendment, diligence must be shown.  <u>02 Micro Int'l Ltd. v. Monolithic Power Systems</u>, 467 F.3d 1355, 1366 (Fed. Cir. 2006) (construing 2000 Patent Local Rules).

### III. DISCUSSION
**A.  Applicable Patent Local Rules**

　　Plaintiffs move the Court to find the 2008 Patent Local Rules apply rather than the 2000 Patent Local Rules.  (Mot. 2-3.)  Easton argues for the application of the 2000 Patent Local Rules.  (Opp'n 4.)  Both versions of the Patent Local Rules would require good cause for the amendment sought here.  <u>See</u> 2000 Patent Local R. 3-6, 3-7; 2008 Patent Local R. 3-6.

5

Plaintiffs filed suit in 2007. According to Rule 1-4 of the 2008 Patent Local Rules, the 2000 Patent Local Rules should apply based on the date of filing.

The 2000 Patent Local Rules do not apply for two reasons. First, the Northern District of California's Patent Local Rules apply to disputes in the Central District only to the extent they are adopted by the Court; the Court did not adopt 2008 Patent Local Rule 1-4. Second, the Court's Civil Trial Scheduling Order adopted Patent Local Rule 4-7, a rule which exists only in the 2008 Patent Local Rules, indicating the Court's intent to adopt the 2008 Patent Local Rules. Accordingly, the 2008 Patent Local Rules apply.

**B.  Compliance with 2008 Patent Local Rules**

Defendants assert they should be given leave to supplement their invalidity contentions outside the timing framework of the 2008 Patent Local Rules because they believed prior art was a topic for expert discovery; alternatively, they assert they show good cause pursuant to the 2008 Patent Local Rules.

    **1.  Expert discovery**

Defendants urge the Court to deny the Motion because they believed "the issue of patent invalidity," in particular "the patentable differences between" the

1  patents in suit "and the prior art," was a matter of
2  expert testimony and here subject to the expert discovery
3  deadline, rather than the earlier fact discovery cut-off.
4  (Chan Decl. ¶¶ 6-8; Opp'n 2, 4.)  According to
5  Defendants, they formed this belief because Plaintiffs
6  objected during the October 15, 2008 deposition of Bojan
7  Cosic, Tokai's vice president of administration, that
8  infringement was a matter of expert testimony and were
9  caught unaware when Plaintiffs sought to bar further
10 disclosures.  (Opp'n 2; Chan Decl. ¶¶ 6-8.)  In other
11 words, Defendants argue the Supplemental Contentions
12 should not be struck because Defendants believed
13 disclosure of prior art in an expert report would be a
14 permissible supplemental invalidity contention so long as
15 it occurred before the expert disclosure cut-off.  (See
16 Opp'n 2.)

18      This argument lacks merit.  It suggests an exception
19 to the discovery scheme created by the Patent Local
20 Rules, which require service of Invalidity Contentions 55
21 days after the Initial Case Management Conference –
22 before expert discovery would typically close – with
23 limited opportunities to supplement thereafter.  This
24 exception would swallow the rule.  Many cases involve
25 issues which could credibly be considered the subject of
26 expert testimony; permitting an exception to the Patent
27 Local Rules in this case would permit it in nearly all

cases. Such supplemental contentions would defeat the Patent Local Rules's goal of eliciting early, reliable positions from parties. (See Reply 7;) see 02 Micro Int'l Ltd., 467 F.3d 1364, 1365; 2008 Patent Local R. 3-1, 3-3, 3-6. Accordingly, the Court declines Defendants' request to deny the Motion on this basis.

**2.  No grounds for amendment pursuant to 2008 Patent Local Rule 3-6**

Rule 3-6 of the 2008 Patent Local Rules permits "[a]mendment of . . . Invalidity Contentions . . . only by order of the Court upon a timely showing of good cause." As to timeliness, Defendants never moved the Court for leave to file supplemental contentions; they only oppose Plaintiffs' Motion.

In 02 Micro Int'l Ltd., 467 F.3d at 1367-68, the Federal Circuit affirmed a district court's denial of a party's motion for leave to amend invalidity contentions under the 2000 Patent Local Rules, which required good cause for amendment, where party waited three months to seek leave to amend and failed to adequately explain delay. The Court found diligence was an element of good cause and that a history of negotiation did not, by itself, show diligence. Id. at 1367-68. The 2008 Patent Local Rules also require good cause and place special emphasis on timeliness by explicitly mentioning it.

Accordingly, Defendants' delay in communicating with the Court weighs strongly against a finding in their favor.

2008 Patent Local Rule 3-6 also provides a "[n]on-exhaustive" list of "circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause."[1] The first example of good cause is issuance of "(a) a claim construction by the Court different from that proposed by the party seeking amendment." The Supplemental Contentions were served before the Court issued its claim construction order. Accordingly, the Supplemental Contentions were not made in response to a claim construction different than that proposed by Defendants and condition (a) is not fulfilled. See 2008 Patent Local R. 3-6(a).

2008 Patent Local Rule 3-6's second example of good cause is: "(b) recent discovery of material prior art despite earlier diligent search." Defendants admit they did not begin their search for the prior art in question until after the close of fact discovery, as discussed above. (See Chan Decl. ¶¶ 6-8.) They fail to show diligence and accordingly condition (b) is not fulfilled.

---

[1] Even if the Court were to apply the 2000 Patent Local Rules, Defendants would still have to demonstrate good cause in these circumstances. 2000 Patent Local Rule 3-7.

The third example of good cause in 2008 Patent Local Rule 3-6 is: "(c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions." The Supplemental Contentions contain matters of public record. Accordingly, condition (c) does not apply.

Although the examples of good cause in 2008 Patent Local Rule 3-6 are not exhaustive, the text of the 2008 Patent Local Rule emphasizes the importance of early, full disclosures, warning "[t]he duty to supplement discovery responses does not excuse the need to obtain leave of court to amend contentions." 2008 Patent Local R. 3-6. Accordingly, Defendants cannot claim they show good cause because they seek to comply with their duty to supplement. (See Opp'n 5.)

Having concluded Defendants fail to show good cause the Court need not address whether Tokai will suffer "undue prejudice." See Patent Local R. 3-6.

### IV. CONCLUSION

For the above reasons, the Court GRANTS the Motion.

Dated: July 8, 2009

_____
VIRGINIA A. PHILLIPS
United States District Judge